**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| JOHN C. EASTMAN<br>            *Plaintiff*,<br><br>            v.<br><br>BENNIE G. THOMPSON; JOHN WOOD;<br>TIMOTHY J. HEAPHY; SELECT<br>COMMITTEE TO INVESTIGATE THE<br>JANUARY 6TH ATTACK ON THE UNITED<br>STATES CAPITOL; and VERIZON<br>COMMUNICATIONS, INC.<br><br>            *Defendants.* | Case No. 1:21-cv-03273 |

**ANSWER OF VERIZON COMMUNICATIONS INC.**

Defendant Verizon Communications Inc. ("Verizon"), by and through its undersigned counsel, hereby answers the Complaint of John C. Eastman, and reserves its rights to request dismissal of the Complaint on any and all grounds.  Unless expressly admitted, all allegations set forth in the Complaint are denied.

**PRELIMINARY STATEMENT**

1.      Verizon received, as relevant here, a subpoena dated November 24, 2021 from the U.S. House of Representatives Select Committee to Investigate the January 6th Attack on the United States Capitol (the "Select Committee") demanding the production of telephone records for a phone number associated with Plaintiff John Eastman's account with Verizon (the "Subpoena").  This Subpoena demanded production of only Subscriber Information,[1] Connection

---

[1] The Subpoena defined "Subscriber Information" as:  name, subscriber name, physical access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized;

Records, and Records of Session Times and Durations,[2] for the time period from November 1, 2020, through and including January 31, 2021.  The Subpoena did not compel the production of any call or text message content, or location information.

2.      Upon receiving the Subpoena, Verizon notified Plaintiff of Verizon's receipt of the Subpoena from the Select Committee.  This notice informed Plaintiff that unless Verizon received "a court document challenging the [S]ubpoena by December 15, 2021, Verizon is compelled to comply with the [S]ubpoena."

3.      Verizon also provided Plaintiff with a copy of the Subpoena issued by the Select Committee, except that Verizon withheld Section B, which identified the phone numbers of other Verizon subscribers that had also been subpoenaed by the Select Committee.

4.      Plaintiff filed this Complaint on December 14, 2021.

5.      Thus, consistent with the notice that Verizon provided Plaintiff, Verizon has not produced any of his records in response to the Select Committee's Subpoena.

6.      In addition, Verizon has received virtually identical subpoenas from the Select Committee for the records of other customers.  Upon receipt of those subpoenas, Verizon provided the same notice to those customers that was provided to Plaintiff.

---

telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN") Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI") associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ("IP") addresses). Dkt. 1-2.

[2] Per the Subpoena, "Connection Records, and Records of Session Times and Durations" includes all call, message (SMS and MMS), Internet Protocol ("IP"), and data-connection detail records associated with the Phone Numbers, including all phone numbers, IP addresses, or devices that communicated with the Phone Number via delivered and undelivered inbound, outbound, and routed calls, messages, voicemail, and data connections.  Dkt. 1-2.

**RESPONSES TO PLAINTIFF'S ALLEGATIONS**

1.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 1.

2.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 2.

3.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 3.

4.      Verizon admits the allegations in the first sentence of paragraph 4, which references actions taken by the U.S. House of Representatives and that are recorded in the Congressional Record of the 177th Congress for the Legislative Day occurring on June 30, 2021. Verizon refers the Court to the full text of that document for a complete record of its contents. The allegations in the second sentence of paragraph 4 quote from the publicly available document House Resolution 503 ("H. Res. 503") from the 117th Congress. Verizon refers the Court to the full text of the document for a complete record of its contents. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 4.

5.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 5.

6.      Verizon incorporates by reference its Preliminary Statement. Verizon admits that the Subpoena demands the production of the records described in paragraph 1 of its Preliminary Statement for the time period from November 1, 2020, through and including January 31, 2021. With respect to the final sentence in paragraph 6, Verizon refers the Court to the exhibit at Dkt. 1-2 for a complete record of its contents. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 6.

7.      The allegations in paragraph 7 are legal arguments to which no response is required.

8.      The allegations in paragraph 8 are legal arguments to which no response is required.

9.      The allegations in paragraph 9 are legal arguments to which no response is required.

10.     The allegations in paragraph 10 are legal arguments to which no response is required.

11.     The allegations in paragraph 11 are legal arguments to which no response is required.

12.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 12.

13.     Based on publicly available information from a government website, Verizon admits the allegations in the first two sentences of paragraph 13.  Verizon further admits that, based on the exhibit at Dkt. 1-2, Chairman Thompson signed the Subpoena.  Based on the caption of the Complaint, Verizon also admits that Plaintiff has sued Chairman Thompson in his official capacity.

14.     Based on publicly available information from a government website, Verizon admits the allegations in the first sentence of paragraph 14.  Based on the caption of the Complaint, Verizon also admits that Plaintiff has sued Timothy J. Heaphy in his official capacity.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 14.

15.     Based on publicly available information from a government website, Verizon

admits the allegations in the first sentence of paragraph 15.  Based on the caption of the Complaint, Verizon also admits that Plaintiff has sued John Wood in his official capacity. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 15.

16.     Verizon admits that it is a corporation headquartered in New York City and incorporated in Delaware.  Verizon further admits that this Court has jurisdiction over Verizon. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 16.

17.     Verizon admits the allegations in paragraph 17, which references actions taken by the U.S. House of Representatives and that are recorded in the Congressional Record of the 177th Congress for the Legislative Day occurring on June 30, 2021.

18.     Verizon admits that this Court has subject matter jurisdiction.

19.     Verizon admits that venue is proper.

20.     Verizon admits that federal courts have adjudicated the legality of congressional subpoenas.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 20.

21.     The allegations in paragraph 21 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 21 for a complete record of their contents.

22.     The allegations in paragraph 22 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases and Congressional Research Service Report cited in paragraph 22 for a complete record of their contents.

23.     The allegations in paragraph 23 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the

cases cited in paragraph 23 for a complete record of their contents.

24.     The allegations in paragraph 24 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 24 for a complete record of their contents.

25.     The allegations in paragraph 25 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 25 for a complete record of their contents.

26.     The allegations in paragraph 26 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Subpoena, Dkt. 1-2, for a complete record of its contents.

27.     The allegations in paragraph 27 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Subpoena, Dkt. 1-2, for a complete record of its contents.

28.     The allegations in paragraph 28 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Subpoena, Dkt. 1-2, and the case cited in paragraph 28 for a complete record of its contents.

29.     The allegations in paragraph 29 are legal arguments to which no response is required.

30.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 30.

31.     Verizon incorporates by reference its Preliminary Statement.  The allegations in paragraph 31, as to Verizon, quote from the Subpoena, attached to the Complaint as an exhibit at Dkt. 1-2, to which no response is required.  To the extent any response is required, Verizon

refers the Court to the full text of the Subpoena for a complete record of its contents.  Verizon

lacks sufficient information to admit or deny the remaining allegations in paragraph 31.

32.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that

its notice to Plaintiff informed him that unless Verizon received "a court document challenging

the [S]ubpoena by December 15, 2021, Verizon is compelled to comply with the [S]ubpoena."

Verizon further admits that the return date on the Subpoena was December 8, 2021.  Verizon

denies the remaining allegations in paragraph 32.

33.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that

it notified Plaintiff of Verizon's receipt of the Subpoena from the Select Committee.  This notice

was sent by FedEx and informed Plaintiff that unless Verizon received "a court document

challenging the [S]ubpoena by December 15, 2021, Verizon is compelled to comply with the

[S]ubpoena."  Verizon lacks sufficient information to admit or deny the remaining allegations in

paragraph 33.

34.     Verizon lacks sufficient information to admit or deny the allegations in paragraph

34.  To the extent that the allegations in paragraph 34 purport to quote from publicly available

materials, Verizon refers the Court to those materials in full for a complete record of their

contents.

35.     Verizon lacks sufficient information to admit or deny the allegations in paragraph

35.

36.     Verizon lacks sufficient information to admit or deny the allegations in paragraph

36.

37.     Verizon lacks sufficient information to admit or deny whether the Subpoena

"threatens to expose Plaintiff's confidential information."  Verizon takes no position on whether

Plaintiff is entitled to the relief described in paragraph 37.  The remaining allegations are legal arguments and legal conclusions to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 37 for a complete record of its contents.

38.     The allegations in paragraph 38 quote from the H. Res. 503, to which no response is required.  Verizon refers the Court to the full text of the document for a complete record of its contents.

39.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 39.

40.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 40.

41.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 41.

42.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 42.

43.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 43.

44.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 44.  To the extent the allegations in paragraph 44 purport to summarize a publicly available document, Verizon refers the court to the full text of that document for a complete record of its contents.

45.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 45.

46.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 46.

47.     The allegations in paragraph 47 quote from the House Rules and are legal arguments, to which no response it required.  To the extent any response is necessary, Verizon refers the court to the full text of the House Rules for a complete record of its contents.

48.     The allegations in paragraph 48 quote from the House Rules and are legal arguments, to which no response it required.  To the extent any response is necessary, Verizon refers the court to the full text of the House Rules for a complete record of its contents.

49.     The allegations in paragraph 49 quote from the House Rules and are legal arguments, to which no response it required.  To the extent any response is necessary, Verizon refers the court to the full text of the House Rules for a complete record of its contents.

50.     The allegations in paragraph 50 summarize the House Rules and are legal arguments, to which no response it required.  To the extent any response is necessary, Verizon refers the court to the full text of the House Rules for a complete record of its contents.

51.     The allegations in paragraph 51 summarize and quote from the House Rules and are legal arguments, to which no response it required.  To the extent any response is necessary, Verizon refers the court to the full text of the House Rules for a complete record of its contents.

52.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 52.

53.     The allegations in paragraph 53 summarize and quote from the House Rules and are legal arguments, to which no response it required.  To the extent any response is necessary, Verizon refers the court to the full text of that document for a complete record of its contents.

54.     Verizon lacks sufficient information to admit or deny the allegations in paragraph

54.

55.     The allegations in the second half of the sentence in paragraph 55 quote from the

H. Res. 503, and no response is required.  To the extent any response is necessary, Verizon refers

the Court to the full text of the document for a complete record of its contents.  Verizon lacks

sufficient information to admit or deny the remaining allegations in paragraph 55.

56.     The allegations in paragraph 56 are legal conclusions to which no response is

required.  To the extent any response is necessary, Verizon refers the court to the full text of the

House Rules for a complete record of its contents.

57.     The allegations in paragraph 57 are legal conclusions to which no response is

required.  To the extent any response is necessary, Verizon refers the court to the full text of the

House Rules for a complete record of its contents.

58.     The allegations in paragraph 58 purport to summarize H. Res. 503, to which no

response is required.  Verizon refers the Court to the full text of the document for a complete

record of its contents.

59.     The allegations in paragraph 59 purport to summarize H. Res. 503 and are legal

arguments, to which no response is required.  Verizon refers the Court to the full text of the

document for a complete record of its contents.

60.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that

the Subpoena demands the production of the records described in paragraph 1 of its Preliminary

Statement for the time period from November 1, 2020, through and including January 31, 2021.

Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 60.

61.     The allegations in paragraph 61 are legal arguments to which no response is

required.

62.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that the Subpoena demands the production of the records described in paragraph 1 of its Preliminary Statement for the time period from November 1, 2020, through and including January 31, 2021. Verizon denies the Subpoena demands the production of "all communications data."  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 62.

63.     Verizon lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 63.  The remaining allegations characterize the Subpoena, attached to the Complaint as an exhibit at Dkt. 1-2, to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Subpoena for a complete record of its contents.

64.      Verizon lacks sufficient information to admit or deny the allegations in paragraph 64.

65.     Verizon incorporates by reference its Preliminary Statement.  Verizon denies that the Subpoena demands the production of "call and text message logs."  Verizon refers the Court to the full text of the Subpoena for a complete record of its contents.  The remaining allegations in paragraph 65 are legal arguments or quotations from statutes, to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of those statutes for a complete record of their contents.

66.     Verizon incorporates by reference its Preliminary Statement.  Verizon denies that the Subpoena demands the production of "call records."  Verizon admits that the Subpoena demands the production of "data-connection detail records" and "call . . . detail records," but refers the Court to the full text of the Subpoena for a complete record of its contents.  The allegation that "law enforcement officers must get a warrant to obtain" certain information

described in paragraph 66 is a legal argument to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 66 for a complete record of its contents.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 66.

67.     The allegations in paragraph 67 purport to summarize the Stored Communications Act, to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

68.     The allegations in paragraph 68 purport to quote from the Stored Communications Act and are legal arguments, to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the Stored Communications Act for a complete record of its contents.

69.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 69.

70.     The allegations in the first sentence of paragraph 70 summarizes the legal arguments in the Complaint, to which no response is required.  Verizon lacks sufficient information to admit or deny the allegations in the second sentence of paragraph 70.  The allegations in the third sentence of paragraph 70 quote from *U.S. Servicemen's Fund v. Eastland*, 488 F.2d 1252 (D.C. Cir. 1973), *rev'd*, 421 U.S. 491 (1975), to which no response is required. To the extent any response is necessary, Verizon refers the Court to the full text of that case for a complete record of its contents.  The remaining allegations in paragraph 70 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 70 for a complete record of its contents.

71.     The allegations in paragraph 71 are legal arguments to which no response is

required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 71 for a complete record of its contents.

72.     The allegations in paragraph 72 are legal arguments to which no response is required.

73.     With respect to paragraph 73, Verizon incorporates by reference its responses to each paragraph in the Complaint.

74.     The allegations in paragraph 74 are legal conclusions to which no response is required.

75.     The allegations in paragraph 75 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 75 for a complete record of its contents.

76.     The allegations in paragraph 76 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the House Rules and H. Res. 305 cited in paragraph 76 for a complete record of their contents.

77.     The allegations in paragraph 77 are legal arguments to which no response is required.

78.     The allegations in paragraph 78 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 78 for a complete record of its contents.

79.     Verizon incorporates by reference its Preliminary Statement.  The allegations in paragraph 79 are legal arguments to which no response is required.

80.     With respect to paragraph 80, Verizon incorporates by reference its responses to each paragraph in the Complaint.

81.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 81.

82.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 82.

83.     The allegations in paragraph 83 quote from a statute to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the statute cited in paragraph 83 for a complete record of its contents.

84.     The allegations in paragraph 84 are legal conclusions to which no response is required.

85.     With respect to paragraph 85, Verizon incorporates by reference its responses to each paragraph in the Complaint.

86.     Verizon incorporates by reference its Preliminary Statement.  Verizon denies that the Subpoena demands the production of "call logs" and "text message logs."  Verizon refers the Court to the full text of the Subpoena for a complete record of its contents.  The remaining allegations in paragraph 86 are legal arguments, to which no response is required.

87.     Verizon incorporates by reference its Preliminary Statement.  Verizon admits that the Subpoena demanded the production of the records described in paragraph 1 of its Preliminary Statement for a phone number associated with Plaintiff John Eastman's account with Verizon. Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 87.

88.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 88.

89.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 89.

90.     The allegations in paragraph 90 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the cases cited in paragraph 90 for a complete record of their contents.

91.     The allegations in paragraph 91 are legal arguments to which no response is required.

92.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 92.

93.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 93.

94.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 94.

95.     Verizon lacks sufficient information to admit or deny the allegations in paragraph 95.

96.     The allegations in paragraph 96 are legal conclusions to which no response is required.

97.     With respect to paragraph 97, Verizon incorporates by reference its responses to each paragraph in the Complaint.

98.     Verizon incorporates by reference its Preliminary Statement.  Verizon denies that the Subpoena demands the production of "cell phone data."  Verizon refers the Court to the full text of the Subpoena for a complete record of its contents.

99.     Verizon incorporates by reference its Preliminary Statement.  The Subpoena demands the production of "Subscriber Information," which is defined in paragraph 1 of the Preliminary Statement and in the Subpoena, and includes "name, subscriber name, physical

access, billing address, e-mail address, and any other address and contact information; all authorized users on the associated account; all phone numbers associated with the account; length of service (including start date) and types of service utilized; telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ('ESN'), Mobile Electronic Identity Numbers ('MEIN') Mobile Equipment Identifier ('MEID'), Mobile Identification Numbers ('MIN'), Subscriber Identity Modules ('SIM'), Mobile Subscriber Integrated Services Digital Network Number ('MSISDN'), International Mobile Subscriber Identifiers ('IMSI'), or International Mobile Equipment Identities ('IMEI') associated with the accounts; activation date and termination date of each device associated with the account; any and all number and/or account number changes prior to and after the account was activated; and other subscriber numbers or identities (including temporarily assigned network addresses and registration Internet Protocol ('IP') addresses)."  Dkt. 1-2.  Verizon further refers the Court to the full text of the Subpoena for a complete record of its contents.

100.    Verizon incorporates by reference its Preliminary Statement.  Verizon denies that the Subpoena demands the production of "all calls, text messages, and records of communications."  Verizon refers the Court to the full text of the Subpoena for a complete record of its contents.

101.    Verizon denies that Subpoena is ambiguous.  Verizon lacks sufficient information to admit or deny the remaining allegations in paragraph 101.

102.    Verizon incorporates by reference its Preliminary Statement.  Verizon admits that the Subpoena demands the production of the records described in paragraph 1 of its Preliminary Statement for the time period from November 1, 2020, through and including January 31, 2021.

103.    Verizon lacks sufficient information to admit or deny the allegations in paragraph

103.

104.    The allegations in paragraph 104 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 104 for a complete record of its contents.

105.    The allegations in paragraph 105 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 105 for a complete record of its contents.

106.    The allegations in paragraph 106 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 106 for a complete record of its contents.

107.    The allegations in the first sentence of paragraph 107 are legal arguments to which no response is required.  Verizon admits that it has not received consent from Plaintiff to produce any documents to the Select Committee.  The allegations in the third sentence of paragraph 107 are legal conclusions to which no response is required.

108.    The allegations in paragraph 108 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 108 for a complete record of its contents.

109.    The allegations in paragraph 109 are legal arguments to which no response is required.  To the extent any response is necessary, Verizon refers the Court to the full text of the case cited in paragraph 109 and the Subpoena for a complete record of their contents.

110.    The allegations in paragraph 110 are legal arguments to which no response is required.

111.    The allegations in paragraph 111 are legal arguments to which no response is

required.

<h2 style="text-align:center">PRAYER FOR RELIEF</h2>

Plaintiff's Prayer for Relief does not require a response, but to the extent any response is necessary, Verizon takes no position whether Plaintiff is entitled to the requested relief and judgment in subpart a through f, and h.  Verizon denies that Plaintiff is entitled to Verizon's payment of his reasonable costs and expenses, including attorneys' fees, as asserted by Plaintiff in subpart g.

Dated: April 25, 2022                              Respectfully submitted,


/s/ Reid M. Figel
Reid M. Figel
**KELLOGG, HANSEN, TODD,
 FIGEL & FREDERICK, P.L.L.C.**
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
rfigel@kellogghansen.com

*Counsel for Defendant
Verizon Communications Inc.*